## ASSESSMENT OF PROPERTY WITHIN FIVE YEARS FOR MAKING OF STREET AND MAKING OF SIDEWALK.

[Circuit Court of Hamilton County.]

FRANK DRAKE ET AL V. CITY OF CINCINNATI.

Decided, May 1, 1903.

*Assessment—For Street Improvement and for Sidewalk—Both May Be Levied to 25 per cent. of the Value of Abutting Property Within Five Years—Distinct Issue Between Two Parties to a Suit in Which None of the Others are Interested.*

1. The making of a street and the laying of a sidewalk on such street are two distinct and separate improvements within the meaning of Section 2271, R. S. O. Therefore, a piece of property abutting on such street can be assessed in an amount equal to twenty-five per cent. of the value thereof for the improvement of the street, and can be again assessed within a period of five years in an amount equal to twenty-five per cent. of the value of such property for the making of a sidewalk on said street.

2. The provisions of Section 2283, R. S. O., apply to improvements made on two different streets, and do not limit the amount of the assessments for two different improvements on the *same* street. *Hunt* v. *Hunter*, 14 C. C., 503, cited and followed.

3. A distinct issue at law between only two of the parties, in which none of the other parties in an action purely equitable in its nature are interested, and not affecting the subject matter, can not be injected and tried in such equitable action.

JELKE, J.; SWING, J., concurs; GIFFEN, J., did not participate.

It is admitted that the cost of the condemnation of the land must be eliminated from the assessment.

It appears that the making of the street and the laying of the sidewalk are distinctly separate improvements.

Revised Statutes, 2271, applies to each improvement separately but can not be made to apply to them added together.

The real controversy herein is over Revised Statutes, 2283. Plaintiff claims that under this provision the aggregate of these street and sidewalk improvements, being made within five years, can not exceed twenty-five per cent. of the value of the property. The city

contends that Revised Statutes, 2283, can not apply because said section provides for making two different streets.

We are of opinion that the city's contention in this behalf must prevail. We appreciate fully the strength of the argument of plaintiff's counsel that if property is relieved from excessive assessment for the making of improvements upon different streets, it should be all the more relieved from such assessments piled up on the same street. But this is purely a matter of statute, and the statute is plain and explicit and not open to construction or interpretation on this point.

This point has been directly passed upon by the Sixth Circuit, opinion per King, J., and we approve and follow their conclusion. We can not find that this point was called to the attention of the court and expressly decided in the case of *City* v. *Bartley,* 52 O. S., 650.

Inasmuch as the city contracted to furnish the sidewalk contractor with a valid assessment, we are of opinion that the city can not urge its assessment to the postponement or defeat of such contractor's assessemnt or any part thereof. As between the city and Thomas Evans, to the extent that Evans' assessment is good, it must have a lien upon the property prior to that of the city.

This is purely an equitable action and Thomas Evans can not inject an issue at law between himself and the city into it as to which plaintiff has no interest. Thomas Evans should prosecute that in a separate suit at law, and the decree herein will be without prejudice to such action by him.

*A. C. Shattuck,* for plaintiff.

*Albert H. Morrill,* for the city.

*L. M. Mongan,* for Thomas Evans, the contractor for the improvement.